1  BENBROOK LAW GROUP, PC
   BRADLEY A. BENBROOK (SBN 177786)
2  STEPHEN M. DUVERNAY (SBN 250957)
   701 University Avenue, Suite 106
3  Sacramento, CA 95825
   Telephone: (916) 447-4900
4  brad@benbrooklawgroup.com

5  COOPER & KIRK, PLLC
   DAVID H. THOMPSON*
6  PETER A. PATTERSON*
   JOSEPH O. MASTERMAN*
7  1523 New Hampshire Avenue, NW
   Washington, D.C. 20036
8  Telephone: (202) 220-9600
   dthompson@cooperkirk.com

*Pro hac vice

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MILLER; RYAN PETERSON; GUNFIGHTER TACTICAL, LLC; JOHN PHILLIPS; PWGG, L.P.; SAN DIEGO COUNTY GUN OWNERS PAC; CALIFORNIA GUN RIGHTS FOUNDATION; SECOND AMENDMENT FOUNDATION; FIREARMS POLICY COALITION, INC.; JOHN W. DILLON; DILLON LAW GROUP, P.C.; and GEORGE M. LEE,<br><br>    Plaintiffs,<br><br>  v.<br><br>ROB BONTA, Attorney General of California; and LUIS LOPEZ, Director of the California Department of Justice Bureau of Firearms,<br><br>    Defendants. | Case No.: 3:22-cv-01446-BEN-JLB<br><br>**DECLARATION OF BRANDON COMBS IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: November 14, 2022<br>Time: 10:30 a.m.<br>Courtroom 5A (5th Floor)<br>Hon. Roger T. Benitez |

I, Brandon Combs, declare:

1. I am over 18 years old. I am competent to give this declaration. I am providing this declaration based on my personal knowledge and experience.

2. I am the president of Firearms Policy Coalition, Inc. ("FPC"), a non-profit organization incorporated under the laws of Delaware with a primary place of business in Clark County, Nevada. In my role as president, I am familiar with FPC's purposes as an organization, FPC's membership, and FPC's organizational responses to California Senate Bill 1327 (2021 – 2022 Reg. Sess.) ("SB 1327").

3. The purposes of FPC include defending and promoting the People's rights, especially the fundamental, individual Second Amendment right to keep and bear arms, advancing individual liberty, and restoring freedom.

4. FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs.

5. FPC's members reside both within and outside the State of California, including in San Diego County, California. Each of the individual plaintiffs, plaintiff firearm retailers, and plaintiff law firms in this case are members of FPC.

6. FPC represents its members and supporters—who include gun owners, prospective gun owners, licensed California firearm retailers, and others—and brings this action on behalf of itself and its members.

7. FPC's members and supporters have been adversely and directly harmed by Defendants' threat of enforcement of the laws, regulations, policies, practices, and customs challenged in this case.

8. One of the primary methods FPC pursues its mission and objectives is through public interest litigation aimed at restoring and protecting the rights of firearms owners and those who support the right to keep and bear arms. FPC's FPC Law program is the nation's first and largest public interest legal team focused on the

right to keep and bear arms and the leader in the Second Amendment litigation and research space. *See* "About FPC" at https://www.firearmspolicy.org/about.

9. Based on recent research conducted by FPC's intelligence and legal staff, FPC's legal action program is the largest in the United States, with the organization currently participating in more Second Amendment constitutional cases than any other organization in the field. *See*, e.g., https://www.firearmspolicy.org/legal.

10. FPC has financially supported or been a plaintiff in dozens of cases in state and federal courts around the nation. FPC also regularly participates as amicus curiae in cases in state and federal appellate courts, including the United States Courts of Appeals and at the Supreme Court of the United States.

11. FPC's litigation program is particularly important in California given the hostile political and regulatory climate for gun owners and the State's disdain for individuals' constitutionally protected rights, including but not limited to the pre-existing right to keep and bear arms.

12. FPC has financially supported or participated in a significant number of constitutional rights cases in California's state and federal courts, including but not limited to *Firearms Pol'y Coalition Second Amend. Defense Comm. v. Harris*, 192 F.Supp.3d 1120 (E.D. Cal. 2016); *Publius v. Boyer-Vine*, 237 F.Supp.3d 997 (E.D. Cal. 2017); *Jones v. Bonta*, 34 F.4th 704, 712 (9th Cir. 2022); and *McDougall v. Cnty. of Ventura*, 23 F.4th 1095 (9th Cir. 2022).

13. On July 22, 2022, California Governor Gavin Newsom signed SB 1327 into law, which among other things enacts a liability and fee-shifting law, including California Code of Civil Procedure section 1021.11 ("Section 1021.11") based largely word-for-word on Texas's SB 8, enacted in 2021 in the abortion context. Defendant Bonta has described SB 8 as "blatantly unconstitutional." Press Release, Cal. Dep't of Just., Att'y Gen. Bonta: Texas Cannot Avoid Judicial Review of Its Constitutional Abortion Ban (Oct. 27, 2021), https://bit.ly/3pRWA4F.

14. On January 1, 2023, government defendants in cases seeking "declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms" "may bring a civil action to recover attorney's fees and costs against a person, including an entity, attorney, or law firm, that sought declaratory or injunctive relief" for up to three years from the end of the case if a court "[d]ismisses any claim or cause of action brought by the party seeking the declaratory or injunctive relief …regardless of the reason for the dismissal" or "[e]nters judgment in favor of the party opposing the declaratory or injunctive relief[.]" SB 1327, Sec. 2 (Section 1021.11(a)–(c)).

15. FPC is currently participating in cases seeking "declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms," which triggers the fee and cost-shifting under Section 1021.11. For example, FPC is currently a party to the following cases seeking such relief:

   a. *Miller v. Bonta*, S.D. Cal. Case No. 3:19-cv-01537-BEN-JLB ("*Miller I*"), a challenge to California's ban on common, constitutionally protected arms the State calls "assault weapons" through the State's Roberti-Roos Assault Weapons Control Act of 1989.

   b. *Jones v. Bonta*, S.D. Cal. Case No. Case No.: 19-cv-1226-L-AHG, a challenge to California's ban on the sale and transfer of firearms to adults under age 21.

   c. *Renna v. Bonta*, S.D. Cal. Case No. 3:20-cv-02190-DMS-DEB, a challenge to California's ban on the sale of common, constitutionally protected arms through its handgun Roster ban and microstamping

requirements, as well as its related bans on self-manufacturing of constitutionally protected arms and CNC machines.

d. *Nguyen v. Bonta*, Case No. 3:20-cv-02470-WQH-MDD, a challenge to California's ban on the sale of common, constitutionally protected arms through its handgun Roster and microstamping, as well as its related bans on self-manufacturing common arms ban and CNC machines.

e. *Wiese v. Bonta*, Case No. 2:17-cv-00903-WBS-KJN, a challenge to California's ban on California's restrictions on standard (so-called "large-capacity") firearm magazines.

f. *Linton v. Bonta*, N.D. Cal. Case No. 3:18-cv-07653-JD, a challenge to California's ban on firearm possession by individuals who have vacated or otherwise set-aside non-violent convictions and are not prohibited under federal law.

g. *Fahr v. San Diego*, Case No. 21-cv-1676-BAS-BGS, a challenge to the City of San Diego, California's ban on the self-manufacturing of firearms and the possession of such firearms.

h. *Altman v. Santa Clara County*, N.D. Cal. Case No. 4:20-cv-02180-JST, a challenge to bans on lawful firearm and ammunition sales imposed by various San Francisco Bay Area counties and cities.

i. *McDougall v. Ventura County*, C.D. Cal. Case No.: 2:20-cv-02927-CBM-AS, a challenge to bans on lawful firearm and ammunition sales imposed by the County of Ventura and its officers.

j. *Martinez v. Los Angeles County Sheriff Alex Villanueva*, C.D. Cal. Case No. 2:20-cv-02874-AB-SK, a challenge to bans on lawful firearm and ammunition sales imposed by the County of Los Angeles and its officers.

16. Section 1021.11 attaches liability to even counsel "that represents any litigant seeking" declaratory or injunctive relief. Beyond participation as a party, in-house counsel employees of FPC provide assistance in its cases, have and do represent

FPC, and one is currently counsel of record representing clients in some of the above cases.

17. FPC's cases often include multiple or alternative claims for relief.

18. For example, in *Wiese v. Bonta*, the operative (third amended) complaint (Doc. 76) asserts five separate counts against California's restrictions on standard (so-called "large-capacity") firearm magazines, all seeking declaratory and injunctive relief. Even if FPC prevails on one count and secures the declaratory and injunctive relief it seeks, after January 1, if any of the other counts are dismissed as moot, Section 1021.11 provides that the defendants would have three years to seek fees and costs from FPC and its co-plaintiffs, counsel, and law firms.

19. Though it was the first-filed case in California, *Wiese v. Bonta* has been stayed pending *Duncan v. Bonta* for years. Given the prior history and current posture of both cases, it is impossible for *Wiese v. Bonta* to be fully resolved before January 1, 2023, when Section 1021.11 becomes effective and enforceable.

20. Moreover, FPC planned and intended to file multiple challenges to California's gun laws on various theories following the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), which would seek declaratory and/or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms.

21. FPC has dismissed, delayed, or outright refrained from filing suits or litigating constitutional claims seeking declaratory and injunctive because of the threat of enforcement of, and risk of liability for fees and costs imposed by, Section 1021.11.

22. For example, FPC was recently forced to dismiss a case seeking declaratory and injunctive relief to prevent the City of San Jose, California from enforcing its recently enacted ordinances regulating firearms because of the threat of enforcement of Section 1021.11.

23. Counsel for FPC have prepared new challenges to California's onerous gun control laws that it believes are inconsistent with the text of the Second and Fourteenth Amendments, as well as the Supreme Court's precedents, including *Bruen*. Some of those challenges have been fully prepared for filing, including the retention of counsel and parties who have signed representation agreements with counsel.

24. Furthermore, FPC has been forced to refrain from filing cases challenging California's laws regarding the carriage of firearms in public, as well as cases challenging, all of which would have sought declaratory and/or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing one or more statutes, ordinances, rules, regulations, or another type of law that regulates or restricts firearms. FPC would pursue such challenges but for the threat of enforcement of Section 1021.11.

25. In another example, FPC engaged counsel to prepare and file a challenge to California's unconstitutional waiting period laws based on the rationale of *Silvester v. Harris*, 41 F. Supp. 3d 927 (E.D. Cal. 2014). However, due to the enactment of Section 1021.11, FPC has refrained from pursuing the case.

26. Because the enactment and threat of enforcement of Section 1021.11, in order for FPC to engage counsel to conduct its programs to achieve its goals, for any case declaratory and/or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing one or more statutes, ordinances, rules, regulations, or another type of law that regulates or restricts firearms, FPC now must take on additional liability on behalf of its counsel and counsels' law firms, as well as other parties.

27. Section 1021.11's deterrent effect has harmed FPC by interfering with its institutional mission as described above. In addition, FPC has incurred costs in time and legal fees analyzing how Section 1021.11 affects itself and its members, and its objectives and strategies for achieving them.

28. FPC expects to continue to be required to expend additional resources addressing Section 1021.11 unless and until it is declared unconstitutional and enjoined.

I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct to the best of my knowledge. Executed 10/7/2022.

*Brandon Combs*
6EA44FCA7E91413

BRANDON COMBS