ROBIN B. JOHANSEN, State Bar No. 79084
THOMAS A. WILLIS, State Bar No. 160989
KRISTEN MAH ROGERS, State Bar No. 274672
INEZ KAMINSKI, State Bar No. 345584
OLSON REMCHO, LLP
1901 Harrison Street, Suite 1550
Oakland, CA 94612
Phone: (510) 346-6200
Fax: (510) 574-7061

Attorneys for [Proposed] Intervenor
Governor Gavin Newsom

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MILLER; RYAN PETERSON; GUNFIGHTER TACTICAL, LLC; JOHN PHILLIPS; PWGG, L.P.; SAN DIEGO COUNTY GUN OWNERS PAC; CALIFORNIA GUN RIGHTS FOUNDATION; SECOND AMENDMENT FOUNDATION; FIREARMS POLICY COALITION, INC.; JOHN W. DILLON; DILLON LAW GROUP, P.C.; and GEORGE M. LEE,<br><br>Plaintiffs,<br><br>vs.<br><br>ROB BONTA, Attorney General of California; and LUIS LOPEZ, Director of the California Department of Justice Bureau of Firearms,<br><br>Defendants. | No.: 3:22-cv-1446-BEN-JLB<br><br>**EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME AND ADJUSTING DATES**<br><br>Crtrm.: 5A (5th Floor)<br>Judge: The Honorable Roger T. Benitez |

EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME
AND ADJUSTING DATES

Pursuant to Civil Local Rule 7.1(e), Proposed Intervenor Governor Gavin Newsom seeks an order shortening time for a hearing on his motion for leave to intervene. He also seeks permission to file a supplemental brief on the motion for preliminary injunction hearing and consolidated trial on the merits by no later than Monday, December 12, 2022.

On December 1, 2022, this Court set a hearing on Plaintiffs' motion for preliminary injunction and trial on the merits for December 16, 2022. On December 7, 2022, staff for the Governor were informed that Attorney General did not intend to defend the validity of California Code of Civil Procedure Section 1021.11, a fee-shifting statute enacted pursuant to S.B. 1327 and modeled on Texas's recently enacted S.B. 8, in his supplemental brief due December 9. The next day, one day prior to his deadline, the Attorney General filed his supplemental brief in which he confirmed that he believes he is not in a position to defend the constitutionality of Section 1021.11. Def's. Supp. Br, Dkt. No. 29, at 7.

In light of the Attorney General's decision not to defend Section 1021.11 on the merits, counsel for the Governor promptly informed counsel for all parties in this case that the Governor intended to seek leave to intervene. Declaration of Thomas Willis in Support of Ex Parte Application ("Willis Decl."), ¶ 2. In an email on December 8, 2022, counsel explained that the Governor's motion is appropriate under Rule 24 of the Federal Rules of Civil Procedure and the Supreme Court's recent decision in *Berger v. N.C. State Conf. of the NAACP*, 142 S. Ct. 2191 (2022). Willis Decl., ¶ 4. Counsel also explained that although the Governor will ask the court to hear the motion at the same time as the preliminary injunction hearing and trial on December 16, and would not be seeking a continuance of that hearing, the Governor would be seeking a short extension to allow him to lodge a supplemental brief with the court on Monday, December 12, instead of by Friday, December 9. Willis Decl., ¶ 4.

Counsel explained that all of the above issues would be raised in the instant *ex parte* application and offered to include a suggestion that plaintiffs' reply brief deadline be extended to Wednesday, December 14 in light of the Governor's request for a modest extension of his own deadline. Willis Decl., ¶ 4. On December 9, 2022, counsel for the *Miller* plaintiffs indicated that they intended to submit an objection to the Governor's proposed briefing schedule, and counsel for the *South Bay* plaintiffs indicated that they object to the request.

On December 9, 2022, Governor Gavin Newsom filed a motion for leave to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a). Pursuant to Local Rule 7, that motion is set to be heard on January 5, 2023. As explained in that motion, given the Attorney General's determination that he cannot defend the constitutionality of Section 1021.11, the legal issue at the heart of this case, and the Governor's constitutional right to defend that duly enacted state law, the Governor should be granted leave to intervene as of right.

Granting the instant *ex parte* application to shorten time and adjust briefing dates will permit the Governor to prepare and file a brief defending SB 1327 when the Attorney General is unable to do so without requiring any change to the Court's current schedule in this case. The Governor respectfully submits that this would best advance "the principle of party presentation" that is core to "our adversary system" of litigation, and promote informed federal court decision-making by avoiding the risk of setting aside a duly enacted state law based on an incomplete airing of relevant state interests. *Greenlaw v. United States*, 554 U.S. 237, 243 (2008).

For these reasons, the Governor requests that his motion for leave to intervene be granted before or heard on December 16, 2022, the same date as the hearing on preliminary injunctions and consolidated trial on the merits in this case, and that he be permitted to lodge a proposed supplemental brief on December 12, 2022 (or file a supplemental brief on that date if intervention has already been granted).

Dated: December 9, 2022

Respectfully submitted,

OLSON REMCHO, LLP

s/ Robin B. Johansen
Attorneys for [Proposed] Intervenor
Governor Gavin Newsom
Email: rjohansen@olsonremcho.com

(00478788)