1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Ave, Suite 106
Sacramento, CA  95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

COOPER & KIRK, PLLC
DAVID H. THOMPSON*
PETER A. PATTERSON*
JOSEPH O. MASTERMAN*
1523 New Hampshire Avenue, NW
Washington, D.C.  20036
Telephone: (202) 220-9600
dthompson@cooperkirk.com

Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MILLER; RYAN PETERSON; GUNFIGHTER TACTICAL, LLC; JOHN PHILLIPS; PWGG, L.P.; SAN DIEGO COUNTY GUN OWNERS PAC; CALIFORNIA GUN RIGHTS FOUNDATION; SECOND AMENDMENT FOUNDATION; FIREARMS POLICY COALITION, INC.; JOHN W. DILLON; DILLON LAW GROUP, P.C.; and GEORGE M. LEE,<br><br>            Plaintiffs,<br><br>    v.<br><br>ROB BONTA, Attorney General of California; and LUIS LOPEZ, Director of the California Department of Justice Bureau of Firearms,<br><br>            Defendants. | Case No.:  3:22-cv-01461-BEN-JLB<br><br>**PLAINTIFFS' PRELIMINARY RESPONSE TO GOVERNOR GAVIN NEWSOM'S MOTION TO INTERVENE AND OBJECTION TO PROPOSED MODIFICATIONS TO SCHEDULING ORDER** |

Plaintiffs offer the following preliminary response to Governor Newsom's motion to intervene and object to the proposed modification to the scheduling order as follows:

1. The motion to intervene fails to comply with Rule 24's procedural requirement that such motion "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Given the nature of the Rule 24 analysis, Plaintiffs cannot adequately respond to Governor Newsom's motion to intervene until this requirement is fulfilled. For example, it is not entirely clear from the intervention motion whether the Governor is going to argue on behalf of the State—contrary to the State's argument to the United States Supreme Court—that a fee-shifting statute functionally identical to SB 8 in Texas actually is constitutional. Furthermore, the alleged timeliness of the motion should be measured from the date that the motion is brought into compliance with Rule 24(c).

2. Plaintiffs oppose the proposed modifications to the briefing schedule set forth in the motion to intervene. Dkt. 31-1. It is worth noting that the original hearing date for plaintiffs' preliminary injunction was November 14, but that date got moved to November 28 to combine the hearing with the *South Bay* case, Dkt. 24, and then moved again to December 16 in light of the standing issues raised by the Attorney General when his opposition was due. Dkt. 25. Indeed, the time for opposing the preliminary injunction has long since passed, *see* CivLR 7.1(e)(2) (requiring oppositions to be filed 14 calendar days before a noticed hearing).

Under the current compressed schedule, the Attorney General's supplemental brief on the merits is due today and Plaintiffs' response is due on Tuesday, December 13. Dkt. 26. That truncated schedule was set in a context in which the Attorney General signaled at the November 28 hearing that the supplemental brief was likely to be limited in nature and, indeed, that an oral argument may not even be necessary:

> Mr. Davis: I do want to just remind the court that there are six distinct constitutional claims. I think there are some legal questions with regard to remedy. So even if there was agreement as to the merits on any

-1-
PLAINTIFFS' PRELIMINARY RESPONSES AND OBJECTION TO MOTION TO INTERVENE

> particular constitutional claim, there's some at least disagreement about the ability of the court to issue an injunction that reaches local governments. So there may need to be some argument about the remedy and exactly what that looks like. We would just like the opportunity to brief those issues, present them to the court, and if the court has questions and concludes that argument would assist, then of course, we would be happy to come to court. But it may not be necessary if we just brief –

*See* Trans. at 42:1-13. The Court set the current schedule immediately after this representation.

The Governor asks for leave to file a brief of unknown (and potentially much larger) scope on Monday, December 12, and to reduce Plaintiffs' time to respond to that brief from four days to two (in addition to responding to the motion to intervene). Plaintiffs object to this proposed modification of the Court's scheduling order as unduly prejudicial. If the Court is going to amend the scheduling order to allow the Governor to file a pleading to accompany the motion to intervene, Plaintiffs respectfully request that the Court require the Governor to file his proposed pleading not later than 1:00 p.m. on Saturday, December 10, and allow Plaintiffs the opportunity to seek further adjustments to the scheduling order by noon on Monday, December 12, in light of the scope of that brief.

If necessary, Plaintiffs will file a further opposition to the motion to adjust the scheduling order to be filed by the Governor.

Dated: December 9, 2022                BENBROOK LAW GROUP, PC


By   s/ Bradley A. Benbrook
     BRADLEY A. BENBROOK
     Attorneys for Plaintiffs